**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RODRIGUEZ-GARCIA, AKA Jose Garcia Rodriguez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  15-73106 <br><br> Agency No. A088-241-860 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Jose Rodriguez-Garcia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying cancellation of removal, asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's determination of continuous physical presence, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the agency's determination that Rodriguez-Garcia was outside of the United States for a period of more than 90 days during the statutory period and thus failed to establish the requisite continuous physical presence.  *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(2) (a departure in excess of 90 days breaks continuous physical presence).  Even assuming equitable estoppel could apply, he has not shown affirmative misconduct by United States immigration officials.  *See Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1165 (9th Cir. 2005) ("The government in immigration cases may be subject to equitable estoppel if it has engaged in affirmative misconduct.").

Substantial evidence supports the agency's determination that Rodriguez-Garcia failed to establish that he could not reasonably relocate within Mexico.  *See* 8 C.F.R. § 1208.16(b)(2)-(3).

Rodriguez-Garcia has waived any challenge to the agency's denial of CAT relief.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

In light of this disposition, we do not reach Rodriguez-Garcia's contentions

2                                                                        15-73106

regarding membership in a particular social group.

**PETITION FOR REVIEW DENIED.**